UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAULA CROCKETT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-25-697-G |
| | ) |
| GENTER DRUMMOND, Oklahoma | ) |
| Attorney General, et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

Plaintiff Paula Crockett, appearing pro se, initiated this civil action on June 23, 2025, raising claims against three defendants. *See* Compl. (Doc. No. 1); *see also* Pl.'s Suppl. (Doc. No. 4). Now before the Court is Defendant Walgreens Store #4673's ("Walgreens") Motion to Dismiss (Doc. No. 12), seeking dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has filed a Response (Doc. No. 13), and Defendant has replied (Doc. No. 14).

    I.    *Plaintiff's Allegations*

As relevant here, Plaintiff's Complaint alleges that on February 24, 2024, Plaintiff visited Walgreens Store #4673 in Warr Acres, Oklahoma. *See* Compl. at 6. Plaintiff alleges that while at the store she attempted to purchase a product (laundry detergent) that was advertised to be on sale for $1.99. *See id.*; *id.* Ex. 1 (Doc. No. 1-1) at 3. When Plaintiff asked two employees about the product, they informed her that the sale would not start until the next day, which "was a deliberate lie," and refused to honor the sale price. Compl. Ex. 10 (Doc. No. 1-10) at 1; *see* Compl. at 4.

The store's employees also were rude and made Plaintiff wait for an extended period of time to ring up her purchase. *See* Compl. at 4, 6. Plaintiff alleges that she was "the only Black person in the store at that time" and that the employees "exhibited normal, cordial behavior toward the other customers in the store that day, who happened to be White." Compl. Ex. 3 (Doc. No. 1-3) at 1.

Based on the "discriminatory treatment" Plaintiff experienced, Plaintiff brings civil rights claims pursuant to Title II of the Civil Rights of 1964, 42 U.S.C. § 2000a, and 42 U.S.C. § 1983. Compl. at 3, 7. Plaintiff alleges that the incident at Walgreens and her related efforts for relief have severely impacted her health and caused her emotional distress. *See id.* at 4, 7. The Complaint requests an award of compensatory damages, as well as punitive damages. *See id.* at 4-5.

II.     Relevant Standard

Walgreens seeks dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In analyzing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (footnote and citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

III. Discussion

A. Plaintiff's Title II Claim

Plaintiff's cited statute, 42 U.S.C. § 2000a, "protects an individual's 'full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation' free of discrimination based on race, color, religion, or national origin." *Cox v. McCarthy*, No. CIV-23-502-D, 2023 WL 8190710, at *2 (W.D. Okla. Nov. 27, 2023) (internal quotation marks omitted) (quoting 42 U.S.C. § 2000a(a)).

Walgreens argues that Plaintiff fails to state a Title II claim upon which relief can be granted because she fails to plausibly allege that Walgreens is a "place of public accommodation" subject to the requirements of the statute. *See* Def.'s Mot. to Dismiss at 5-7.

> A "place of public accommodation," for purposes of § 2000a, specifically includes restaurants, cafeterias, soda fountains, facilities principally engaged in "selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station," so long as the operation affects commerce or engages in discrimination or segregation in a manner that is supported by State action. [42 U.S.C. § 2000a(b).] Retail establishments are not encompassed by the definition of "place of public accommodation" unless they incorporate a facility that sells food for on-site consumption. [*Id.* § 2000a(b)(2).]

3

*Tart v. Five Below, LLC*, No. 22-CV-176, 2023 WL 6628721, at *2 (N.D. Okla. Oct. 11, 2023). "[F]ederal courts have long held that general retail establishments are not 'places of public accommodation'" for purposes of a Title II claim. *Id.*; *see, e.g.*, *Priddy v. Shopko Corp.*, 918 F. Supp. 358, 359 (D. Utah 1995); *see also Jackson v. Walgreens Co.*, No. 16-0398, 2016 WL 4212258, at *2 (D. Minn. Aug. 10, 2016); *Bell v. CVS Pharmacy*, No. 25-128, 2025 WL 1411084, at *3 (D.D.C. May 15, 2025).

Plaintiff does not address this argument in her Response or point to any allegations that, if true, "would permit a fact-finder to conclude that [Walgreens] is a place of public accommodation," rather than a retail store or "retail . . . pharmacy . . . not covered under Title II." *Tart*, 2023 WL 6628721, at *2; *Bell*, 2025 WL 1411084, at *3. It follows that, even liberally construed, the Complaint fails to plausibly state a claim under Title II against Walgreens.

### B. Plaintiff's 42 U.S.C. § 1983 Claim

Section 1983 "provides a remedy against state actors who violate a federal right, pursuant to state authority." *Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 869 (10th Cir. 2016); *accord Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) ("[T]he only proper defendants in a [§] 1983 claim are those who represent the state in some capacity." (alteration and internal quotation marks omitted)). Plaintiff therefore must show that Walgreens was acting "under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action exercised power possessed by virtue of

4

state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (internal quotation marks omitted).

Walgreens argues that dismissal of Plaintiff's 42 U.S.C. § 1983 claim is required because Walgreens is not subject to liability under that statute. *See* Def.'s Mot. to Dismiss at 8-9.[1] The Court agrees. Reasonably construed, the allegations of Plaintiff's Complaint establish that Plaintiff visited and sought to purchase items at Walgreens, a privately owned entity. Taken as true, these factual allegations do not plausibly reflect that Walgreens or its employees acted under color of state law pursuant to any of the tests recognized by the Tenth Circuit. *See* Compl. at 4, 6-7; *Gallagher*, 49 F.3d at 1447. And Plaintiff's argument that Walgreens' employees were "acting and working under the color of law in the state of Oklahoma" likewise does not plausibly show that Walgreens "represent[s] [the State] in some capacity," such that Walgreens' conduct was "fairly attributable to the State." Pl.'s Resp. at 1; *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *see Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (internal quotation marks omitted)).

Accordingly, Plaintiff's claim seeking relief under 42 U.S.C. § 1983 must be dismissed as to Walgreens.

---

[1] Although Walgreens invokes Federal Rule of Civil Procedure 12(b)(6), the showing that the defendant was acting under color of law is "a jurisdictional requisite for a § 1983 action." *Polk Cnty. v. Dodson*, 454 U.S. 312, 315 (1981). The Court therefore considers whether dismissal is required pursuant to Federal Rule of Civil Procedure 12(h)(3).

CONCLUSION

For the foregoing reasons, Defendant Walgreens Store #4673's Motion to Dismiss (Doc. No. 10) is GRANTED.  Plaintiff's claims against this Defendant are DISMISSED without prejudice.

IT IS SO ORDERED this 12th day of February, 2026.

_____
CHARLES B. GOODWIN
United States District Judge