UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAULA CROCKETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-697-G |
| | ) |
| GENTER DRUMMOND, Oklahoma | ) |
| Attorney General, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Paula Crockett, appearing pro se, initiated this civil action on June 23, 2025, raising claims against three defendants. *See* Compl. (Doc. No. 1); *see also* Pl.'s Suppl. (Doc. No. 4). Now before the Court is a Motion to Dismiss (Doc. No. 12), filed by two Defendants: Oklahoma Attorney General Genter Drummond and Eric Di Giacomo, Acting Chief of the Oklahoma Attorney General's Office of Civil Rights Enforcement. Plaintiff has filed a Response (Doc. No. 15), and Defendants have replied (Doc. No. 17).

I.   *Plaintiff's Allegations*

Plaintiff's Complaint alleges that on February 24, 2024, Plaintiff visited a Walgreens store in Warr Acres, Oklahoma. *See* Compl. at 6. Plaintiff alleges that while at the store she attempted to purchase a product that was advertised to be on sale. *See id.*; *id.* Ex. 1 (Doc. No. 1-1) at 3. When Plaintiff asked two employees about the product, they informed her that the sale would not start until the next day, which "was a deliberate lie," and refused to honor the sale price. Compl. Ex. 10 (Doc. No. 1-10) at 1; *see* Compl. at 4. The store's employees also were rude and made Plaintiff wait for an extended period of time to ring

up her purchase. *See* Compl. at 4, 6. Plaintiff alleges that she was "the only Black person in the store at that time" and that the employees "exhibited normal, cordial behavior toward the other customers in the store that day, who happened to be White." Compl. Ex. 3 (Doc. No. 1-3) at 1.

Plaintiff alleges that she filed a formal discrimination complaint regarding the Walgreens incident with the Oklahoma Attorney General's Office of Civil Rights Enforcement ("OCRE") but that Defendant Di Giacomo refused to properly investigate and address Plaintiff's complaint. *See* Compl. at 4; *id.* at Ex. 1. Plaintiff states that after weeks of delay, Defendant Di Giacomo conducted a virtual interview with Plaintiff. Defendant Di Giacomo could see Plaintiff during the interview, but Plaintiff could not see him. *See* Compl. at 6. Defendant Di Giacomo treated Plaintiff as though she "was the one in the wrong" and "insinuated that [Plaintiff] was not harmed by [the] experience" at Walgreens. *Id.*

Plaintiff received a dismissal letter from Defendant Di Giacomo on August 31, 2024. *Id.* Plaintiff then reached out to other state officials, and Defendant Di Giacomo contacted Plaintiff again. *Id.* at 7. When Plaintiff spoke with Defendant Di Giacomo on September 5, 2024, he "encouraged [Plaintiff] to file an Application for Reconsideration." *Id.* In September of 2024, Plaintiff sent "a letter" to Defendant Drummond and applied for reconsideration with OCRE and Defendant Di Giacomo. *Id.*; *see id.* Ex. 3 (Doc. No. 1-3).

Based on the "discriminatory treatment" Plaintiff experienced, Plaintiff brings civil rights claims pursuant to Title II of the Civil Rights of 1964, 42 U.S.C. § 2000a, and 42 U.S.C. § 1983. Compl. at 3, 7. Plaintiff alleges that the incident at Walgreens and her

related efforts for relief have severely impacted her health and caused her emotional distress. *See id.* at 4, 7. The Complaint requests an award of compensatory damages, as well as punitive damages, against all defendants. *See id.* at 4-5.

## II.     Relevant Standard

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (footnote and citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## III.    Discussion

### A. Plaintiff's Claims Against Defendant Drummond

In her Response, Plaintiff states that she did not intend to bring claims against Defendant Drummond and "would like to dismiss allegations against" Defendant

Drummond. Pl.'s Resp. at 1, 2. In light of this request, all claims against Defendant Drummond shall be dismissed without prejudice.

### B. Plaintiff's Title II Claim

Plaintiff's Title II claim seeks relief under 42 U.S.C. § 2000a, which "protects an individual's 'full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation' free of discrimination based on race, color, religion, or national origin." *Cox v. McCarthy*, No. CIV-23-502-D, 2023 WL 8190710, at *2 (W.D. Okla. Nov. 27, 2023) (internal quotation marks omitted) (quoting 42 U.S.C. § 2000a(a)).

Though not addressed by the parties, "[t]he Supreme Court has held that such accommodation claims are private in form only, and no monetary damages can be recovered." *Talley v. Furr's Mkt., Inc.*, No. CIV-97-1320, 1998 WL 36030636, at *3 (D.N.M. July 31, 1998) (citing *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 401-02 (1968)). "Congress deliberately provided no damages remedy" in the public accommodation provisions of the Civil Rights Act of 1964. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 n.5 (1970).

As the Complaint seeks relief only in the form of monetary damages, Plaintiff's Title II claim must be dismissed. *See* Compl. at 4-5; *cf. Yang v. Archuleta*, 525 F.3d 925,

927 n.1 (10th Cir. 2008) ("Although [the Court] liberally construe[s] *pro se* filings, we do not assume the role of advocate." (internal quotation marks omitted))).

### C.  Plaintiff's Official-Capacity 42 U.S.C. § 1983 Claim

The Motion to Dismiss argues that Plaintiff's official-capacity 42 U.S.C. § 1983 claim is barred because Defendants enjoy immunity under the Eleventh Amendment.  *See* Defs.' Mot. at 3-4 (citing *Kentucky v. Graham*, 473 U.S. 159 (1985)).  This argument raises a facial attack on the pleading that implicates Rule 12(b)(1) of the Federal Rules of Civil Procedure: "[o]nce effectively raised, the Eleventh Amendment becomes a limitation on [the Court's] subject-matter jurisdiction."  *Harris v. Owens*, 264 F.3d 1282, 1288 (10th Cir. 2001); *see* Fed. R. Civ. P. 12(b)(1); *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015).

Defendants' argument is well taken and is not addressed by Plaintiff's Response. "[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court.  This bar remains in effect when State officials are sued for damages in their official capacity."  *Graham*, 473 U.S. at 169 (footnote and citation omitted).  "Oklahoma has retained its sovereign immunity" and "has not consented to be sued in federal court."  *Bright v. Univ. of Okla. Bd. of Regents*, 705 F. App'x 768, 769 (10th Cir. 2017) (citing Okla. Stat. tit. 51, § 152.1); *Berry v. Oklahoma*, 495 F. App'x 920, 921 (10th Cir. 2012); *see also* Okla. Stat. tit. 51, § 162(E).  And Congress

did not abrogate states' Eleventh Amendment immunity in enacting 42 U.S.C. § 1983. *See Quern v. Jordan*, 440 U.S. 332, 342-45 (1979).

Plaintiff's official-capacity 42 U.S.C. § 1983 claim therefore shall be dismissed.

### D. Plaintiff's Individual-Capacity 42 U.S.C. § 1983 Claim

Section 1983 "provides a remedy against state actors who violate a federal right, pursuant to state authority." *Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 869 (10th Cir. 2016). To succeed on a claim under § 1983, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that the violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Even liberally construed and taken as true, Plaintiff's allegations fail to show "above a speculative level" that Defendant Di Giacomo deprived Plaintiff of any constitutional right. *Twombly*, 550 U.S. at 555. Plaintiff's vague, conclusory contention that Defendant Di Giacomo's mishandling of her claim resulted in the "loss of critical evidence," even coupled with Plaintiff's discomfort during their interview, does not allow the Court "to draw the reasonable inference" that Defendant Di Giacomo's actions resulted in Plaintiff being denied any procedural or substantive due process right. Compl. at 4, 6-7; *Iqbal*, 556 U.S. at 678; *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("While specific facts are not necessary, some facts are." (alteration and internal quotation marks omitted)). To the contrary, Plaintiff's allegations reflect that Defendant Di Giacomo engaged with Plaintiff multiple times, processed her claim, and "encouraged" her to seek further relief when that claim was denied. Compl. at 4, 6-7. Accordingly, the claim "stops

6

short of the line between possibility and plausibility of entitlement to relief" and must be dismissed. *Twombly*, 555 U.S. at 557 (alteration and internal quotation marks omitted).

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. No. 12) is GRANTED. Plaintiff's claims against Defendant Drummond and Defendant Di Giacomo are DISMISSED without prejudice.

Plaintiff's Motion to Supplement (Doc. No. 20) is DENIED.[1]

A separate judgment shall be entered.

IT IS SO ORDERED this 12th day of February, 2026.

CHARLES B. GOODWIN
United States District Judge

---

[1] The Court has reviewed the Motion to Supplement and finds that, even if the documents supplied by Plaintiff could properly be considered on a motion to dismiss, their contents would not affect the findings and conclusions herein.